**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

JEREMY THOMAS,

    Movant,

v.

    Cv. No. 2:18-cv-02658-JPM-tmp
    Cr. No. 2:09-cr-20379-JPM-cgc-1

UNITED STATES OF AMERICA,

    Respondent.

**ORDER GRANTING MOVANT'S MOTION TO SUPPLEMENT,
DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 1), and the Motion to Supplement asserting a claim based on *United States v. Davis*, 139 S. Ct. 2319 (2019) (ECF No. 8), filed by Movant Jeremy Thomas, Bureau of Prisons ("BOP") register number 23278-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee. For good cause shown, the Motion to Supplement is **GRANTED**. The § 2255 Motion is **DENIED**.

**I.   BACKGROUND**

On September 23, 2009, a federal grand jury in the Western District of Tennessee returned an eighteen-count indictment against Thomas and four codefendants. (Criminal ("Cr.") Case No. 2:09-20379, Cr. ECF No. 1.) Thomas was charged with nine counts of Hobbs Act

robbery in violation of 18 U.S.C. §§ 1951 and 1952 (Counts 1, 3, 5, 7, 9, 11, 13, 15, and 17)[1] and nine counts of using and carrying a firearm during and in relation to Hobbs Act robbery, in violation of 18 U.S.C. § 924(c) (Counts 2, 4, 6, 8, 10, 12, 14, 16, and 18).  (*Id.*)

On January 18, 2011, Thomas pled guilty to Counts 1, 2, 3, 5, 7, 9, 11, 13, 15 and 17 of the indictment.  (Cr. ECF Nos. 180 & 182.)  The United States agreed to dismiss the remaining counts of the indictment.  (Cr. ECF Nos. 180 & 226.*)*

A sentencing hearing was held on June 22, 2011.  (Cr. ECF No. 216.)  Thomas was sentenced to a total term of 300 months in prison.  (Cr. ECF No. 224.)  Thomas appealed and was denied relief on May 4, 2012.  (Cr. ECF Nos. 229 & 300.)

## II. THE § 2255 MOTION

On September 25, 2018, Thomas filed the instant § 2255 Motion alleging that: (1) his conviction for using and carrying a firearm during and in relation to Hobbs Act robbery is invalid because the definition of crime of violence under 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); and (2) his Hobbs Act Robbery convictions are not crimes of violence under 18 U.S.C. § 924(c)(3)(A).  (ECF No. 1-1 at PageID 2.)

## III. STANDARD OF REVIEW

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by

---

[1] In Thomas's Motion to Supplement, he incorrectly asserts that he was convicted of conspiracy to commit Hobbs Act robbery.  (*See* ECF No. 8 at PageID 31.)

> law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id.* at 506.

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise those issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698–99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may

obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley*, 523 U.S. at 622.

## IV.   ANALYSIS

Thomas contends that his Hobbs Act robbery convictions under 18 U.S.C. § 1951 and his conviction for using and carrying a firearm in relation to Hobbs Act robbery under 18 U.S.C. § 924(c) are not crimes of violence.

Eighteen U.S.C. § 924(c)(1) provides that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm," shall, in addition to the punishment imposed for that crime of violence, receive a consecutive sentence of not less than five years.  18 U.S.C. §§ 924(c)(1)(A), (D). Section 924(c)(3) defines "crime of violence" as any felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another (the "use-of-force clause"), or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the "residual clause").

18 U.S.C. § 924(c)(3)(A)-(B).

On June 25, 2019, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.  *Davis*, 139 S. Ct. at 2336.  The Court relied on its holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause in the Armed Career Criminal Act ("ACCA"), and *Dimaya*, which invalidated the residual clause in 18 U.S.C. § 16.  *Davis*, 139 S. Ct. at 2336.  Neither the Supreme Court nor the Sixth Circuit has held that the substantive rule announced in *Davis* applies retroactively to cases on collateral review.  *See Davis*, 139 S. Ct. at 2354 (Kavanaugh, J., dissenting); *see United States v.*

*Ballanger*, No. CV 3:08-CR-94-CRS, 2020 WL 1281241, at *2 (W.D. Ky. Mar. 17, 2020) ("[I]t remains to be determined whether *Davis'* holding will apply retroactively on collateral review.").[2] Despite this, the Court considers the merits of Thomas's claim under *Davis*.

Thomas's convictions for Hobbs Act robbery independently qualify as crimes of violence under § 924(c)(3)(A). Hobbs Act robbery is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, . . . ." *See* 18 U.S.C. § 1951(b)(1). As defined, Hobbs Act robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)."[3] *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017); *see also United States v. Holmes*, 797 F. App'x 912, 918 (6th Cir. 2019) (reaffirming *Gooch*'s holding, that Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause,

---

[2] Federal courts of appeal that have considered the matter have determined that *Davis* is retroactively applicable to cases on collateral review. *See, e.g., In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) ("*Welch* dictates that *Davis*—like *Johnson*—'announced a substantive rule that has retroactive effect in cases on collateral review.'" (quoting *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016))); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) ("*Davis* announced a new substantive rule, and *Welch* tells us that a new rule such as the one announced in *Davis* applies retroactively to criminal cases that became final before the new substantive rule as announced."); *Baugh v. United States*, No. 3:16-CV-02628, 2020 WL 409728, at *3 (M.D. Tenn. Jan. 24, 2020).

[3] Movant asserts that his Hobbs Act robbery convictions no longer qualify as crimes of violence under § 924(c) following the Sixth Circuit's decision in *United States v. Camp*, 903 F.3d 594 (6th Cir. 2018). (*See* ECF No. 1 at PageID 3.) *Camp* provides Defendant no relief. The Sixth Circuit in *Camp* reaffirmed that Hobbs Act robbery qualifies as a crime of violence under § 924(c). *Id.* at 597. The Sixth Circuit did hold that Hobbs Act robbery did not qualify as a crime of violence under the United States Sentencing Guidelines. *Id.* at 604. That holding, however, has no bearing on Defendant's challenge, which only challenges whether his convictions qualify as crimes of violence under § 924(c).

5

following the Supreme Court's decision in *Davis*). The holding in *Davis*, invalidating the residual clause, therefore does not entitle Thomas to habeas relief.

Thomas's § 2255 Motion is also time-barred. Section 2255 Motions have a one-year statute of limitations period that begins running from the latest of several dates, including "(1) the date on which the judgment of conviction becomes final" and "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f). Because Thomas's conviction became final in 2012 and he waited until 2018 to file his § 2255 Motion, the Motion is untimely under § 2255(f)(1). (*See* Cr. ECF Nos. 300 & 301.) Section 2255(f)(3) does not apply in this case, both because the first case on which Thomas relies, *Camp*, is a Sixth Circuit decision and not a Supreme Court decision and because the Supreme Court has not yet recognized the *Dimaya*-based right that Thomas asserts. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (holding that the Supreme Court itself must initially recognize the right in question in order to trigger § 2255(f)(3)); *see also Camp*, 903 F.3d 594; *Dimaya*, 138 S. Ct. 1204.

## V. CONCLUSION

For the reasons stated above, Thomas's § 2255 Motion is **DENIED**.

## VI. APPELLATE ISSUES

A certificate of appealability is **DENIED** because Movant has not made a substantial showing of a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

To the extent Movant may apply to proceed on appeal *in forma pauperis*, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be taken in "good faith," and, therefore, **DENIES** leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**SO ORDERED,** this 3rd day of September, 2020.

                                              /s/ Jon P. McCalla
                                              JON PHIPPS MCCALLA
                                              UNITED STATES DISTRICT JUDGE